UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE | ) |
| | ) |
| PAMELA D. and LOUIS C. STRAIN | ) Bankruptcy No. 04 B 15252 |
| | ) |
| Debtor. | ) |
| | ) |
| GREAT HOME CONSTRUCTION, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Adversary No. 04 A 03182 |
| | ) |
| PAMELA D. and LOUIS C. STRAIN | ) |
| | ) |
| Defendants. | ) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This action was brought to bar dischargeability of debt under 11 U.S.C. § 523(a)(2)(A). Defendants Pamela D. Strain and Louis C. Strain ("Defendants") were properly served with summons but failed to appear or plead; they were then found to be in default.

Allegations of the Complaint are therefore taken as confessed against the Defendants, and are adopted here as Findings of Fact:

1. Plaintiff is an Illinois corporation duly licensed to do business in the State of Illinois (Complaint, ¶ 2).

2. Plaintiff contracted to perform certain work and provide materials to the Defendants on a home located at 8146 South Princeton, Chicago, Illinois (Complaint, ¶ 3).

3. In payment for the above stated work and materials, Defendant, Pamela D. Strain, caused to be issued a certain check, number 724 in the amount of $7,000.00 which was returned not sufficient funds (Complaint, ¶ 4).

4. As a result of the actions of Defendant, Pamela D. Strain, a lawsuit was field against he Defendants, in case number 00 CH 10807 in the Circuit Court of Cook County, which alleged, among other things, fraud and deceptive practices which resulted in a judgment against the Defendants on February 21, 2001, which granted judgment with respect to the above stated NSF check in the amount of $7,500.00 ($7,000.00, plus statutory penalty of $500.00) plus fees and costs (Complaint, ¶ 5).

5. Plaintiff herein has been named as a creditor in Defendants' Chapter 7 Bankruptcy (Complaint, ¶ 6).

6. The above and foregoing debt should not be discharged because property and work obtained by the Defendants was obtained by false pretenses, a false representation, and actual fraud in that the Defendants caused the above stated check to be issued with insufficient funds when the Defendants knew that the check was worthless, gave the check knowingly and with intent that the Plaintiff would rely on its validity, and did so in order to obtain the services and materials of the Plaintiff (Complaint, ¶ 7).

7. From the prove-up affidavit filed, it appears that Plaintiff justifiably relied on the $7,000.00 check and representation that the same would clear, that it performed work on credit in such reliance thereon, and that Louis Strain participated in the conduct of Pamela Strain.

8. The amount of debt due was established by the state court judgment.

## CONCLUSIONS OF LAW

Under 11 U.S.C. § 523(a)(2)(A), a debt may be found nondischargeable if the debt is:

. . .

(2)    for money, property, services or extension renewal or refinancing of crediting, to the extend obtained by

(A)    false pretenses, a false representation, or actual fraud, . . .

The conduct alleged in the Complaint and prove-up affidavit, and the default by Defendants, supported the requested judgment under the statute, which will be separately entered.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Entered this _____ day of July 2005.

- 3 -